GLEANER LIFE INSURANCE SOCIETY *v*. ROBERTS.

MORTGAGES—FORECLOSURE—DEFICIENCY—LAND CONTRACT PURCHAS-
ERS.

> In mortgage foreclosure proceedings purchasers of premises un-
> der land contract by which vendor agreed to convey premises
> to purchasers when sum owing thereunder was reduced to
> amount owing on the mortgage by deed containing covenant
> by grantees assuming and agreeing to pay it *held,* not liable
> for deficiency where vendor had sold his interest to an assignee
> who assumed and agreed to pay the mortgage and assignee in
> turn quitclaimed her interest in the premises and assigned
> vendor's interest in contract to purchaser without a covenant
> to assume and agree to pay the mortgage.

Appeal from Wayne; Chenot (James E.), J.   Sub-
mitted June 18, 1937.   (Docket No. 112, Calendar
No. 39,601.)   Decided November 10, 1937.

Bill by Gleaner Life Insurance Society, a Mich-
igan corporation, against Henry H. Roberts and
Louise P. Roberts to foreclose a mortgage.   Decree
for plaintiff.   Defendants appeal.   Modified and af-
firmed.

*Herbert P. Orr* and *Schmalzriedt, Frye, Granse &
Frye* (*Glenn C. Wilber, Jr.,* of counsel), for plain-
tiff.

*Edmund J. Stafford,* for defendants.

POTTER, J.   Plaintiff filed a bill to foreclose a
mortgage in the sum of $7,300, dated September 15,
1930, executed by William T. Williams, a single man,

to secure the payment of his promissory note to plaintiff in like amount. By consent of the mortgagee, the principal of this mortgage was fixed at $7,075.

After the execution of the mortgage, Williams sold the premises on land contract, dated November 3, 1930, to Henry H. Roberts and Louise P. Roberts, his wife. This contract provided in effect that when the sum owing upon the contract was reduced to the amount owing on the mortgage, a conveyance should be made of the premises to Roberts and wife by deed which contained a covenant by the grantees to assume and agree to pay the same. March 3, 1931, Williams conveyed the property to one Dooley who assumed and agreed to pay the mortgage, and he also assigned to Dooley his vendor's interest in the land contract. October 25, 1933, Roberts and wife settled with Dooley, obtained a reduction in the contract price, took an assignment of the contract to themselves and a quitclaim deed from Dooley without a covenant to assume and agree to pay the mortgage. The mortgagee was not a party to the contract.

The question is whether, when defendants obtained title by quitclaim deed and an assignment of the vendor's interest in the contract, they are bound by the agreement in the land contract to assume and agree to pay the mortgage. We are constrained to hold they are not so bound. The decree of the trial court is approved in all other particulars.

The decree will be modified so as to deny plaintiff a deficiency decree against defendants Roberts and wife, with costs, and, as so modified, affirmed.

Fead, C. J., and North, Wiest, Butzel, Bushnell, Sharpe, and Chandler, JJ., concurred.